**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana Hart, Esq. (SBN: 306499)
yana@kazlg.com
David James Mcglothlin (SBN: 253265)
david@kazlg.com
2221 Camino Del Rio S, Ste 101
San Diego, CA

*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA BOYER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SHEER STRENGTH LABS, LLC, <br><br> Defendant. | **Case No.:**  '20 CV 0528 WQH KSC <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** <br><br> 1) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*;** <br> 2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ.*; AND** <br> 3) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;** <br><br> **[JURY TRIAL DEMANDED]** |

Case #
*Boyer v. Sheer Strength*

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1.  Plaintiff Tricia Boyer ("Plaintiff" or "Ms. Boyer") brings this Class Action Complaint to challenge the deceptive advertising and business practices of defendant, SHEER STRENGTH LABS, LLC ("SSL" or "Defendant") with regard to Defendant's false and misleading promotion of its purportedly consumable "dietary supplement" product.

2.  Plaintiff purchased "Sheer Pre-Workout Workout Enhancer Powder Cotton Candy" ("Product"). However, the Product contained both Hordenine and N-Methyltyramine ("Unapproved Ingredients"), which the Food and Drug Administration ("FDA") considers dangerous ingredients that may not lawfully be in dietary supplements.

3.  By including these ingredients in Defendant's product, which it then claims to be a dietary supplement is not a false representation, but also a wholly unlawful act.

4.  Consequently, Defendant does not comply with federal and parallel state regulations. Defendant misleads consumers into believing its Product are "Supplements" approved for human consumption, when that is not true. These misrepresentations allow Defendant to increase its sales and capture market shares from its competitors.

5.  Plaintiff makes these allegations as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

6.  Defendant's nationwide sale and advertising of deceptively misbranded Product constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) California's Unfair

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (4) negligent misrepresentation; and (5) intentional misrepresentation.

7. This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California, and Defendant is a corporation organized and existing under the laws of the State of Texas.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Diego. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its Product in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii)

[1] On information and belief, Defendant sells its Product online throughout the United States. Based upon the advertised price of Defendant's Product and their statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

many of the acts and transactions giving rise to this action occurred in this district because:

    (a)    Defendant is authorized to conduct business in this district;

    (b)    Defendant does substantial business within this district;

    (c)    Defendant is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)    Defendant's actions resulting in harm to at least one of the Plaintiff occurred within this district.

## PARTIES

13. Plaintiff is a natural person residing in the City of Oceanside, County of San Diego, State of California.

14. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Texas, with its principal place of business in Plano, Texas.

15. Defendant manufactures and/or distributes various Product, including purportedly consumable consumer packaged goods and purportedly dietary supplements. Defendant conducts extensive business through Internet sales.

## FACTUAL ALLEGATIONS

16. Plaintiff re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. On or about September 27, 2016, Plaintiff purchased Defendant's Product for $39.97 pre-tax from Amazon.com. Two of the ingredients included in the Product were Hordenine HCl and N-Methyltyramine HCl.

18. Defendant manufactures, markets, and sells the Product online through its own website and other retailers, which it advertises on the Product's label and related advertising materials as being a dietary supplement.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

19. At the time Plaintiff purchased Defendant's Product, Plaintiff believed and relied upon the representations made on Defendant's Product' labels and packaging that the Product was a "Supplement" that was to be orally consumed daily. Plaintiff reasonably believed that the Product were safe to ingest.

20. On information and belief, Defendant's Product's label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

21. As mentioned in detail above, Defendant's Product contained unapproved ingredients that may not lawfully be in dietary supplements.

22. Consequently, Defendant's Product are neither a "Supplement" nor are they safe for human consumption more generally.

23. Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading or false.

24. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product was a dietary supplement that was approved for consumption.

25. If Plaintiff had been aware that the Product contained unapproved ingredients, Plaintiff would have purchased a different product. In other words, Plaintiff would not have purchased Defendant's Product but for the representations on the Product's label.

26. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Product' labels and website, where Defendant sold, and currently sells, its Product to consumers throughout the State of California.

27. As a result of Defendant's false and misleading statements and failure to disclose, Plaintiff and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Product, and have

1   suffered, and continue to suffer, injury in fact through the loss of money and/or

2   property.

3   28. Included within the demands of this Complaint are any product manufactured

4   by Defendant, which contain Hordenine and N-Methyltyramine, or any

5   variation of these ingredients.

6   29. This action seeks, among other things, equitable and injunctive relief, restitution

7   of all amounts illegally obtained, and disgorgement of any and all ill-gotten

8   gains as a result of the misconduct alleged herein.

9   ## CLASS ACTION ALLEGATIONS

10  30. Plaintiff re-allege and incorporates by reference all of the above paragraphs of

11  this Complaint as though fully stated herein.

12  31. Plaintiff bring this action collectively and on behalf of all others similarly

13  situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a)

14  and (b)(3) and/or (b)(2).

15  32. Subject to additional information obtained through further investigation and/or

16  discovery, the proposed class (the "Class") consists of:

17      All persons within the United States who purchased a product,
        from Defendant, irrespective of brand name, containing the
18      ingredients Hordenine and N-Methyltyramine, or any variation
        of these ingredients, within the four years prior to the filing of
19      this Complaint.
20

21  33. Excluded from the Class is Defendant and any of its officers, directors, and

22  employees, or anyone who purchased Defendant's Product for the purpose of

23  resale. Plaintiff reserves the right to modify or amend the Class definition before

24  the Court determines whether certification is appropriate.

25  34. The "Class Period" means four years prior to the filing of the Complaint in this

26  action.

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Case #                          6 of 18                    *Boyer v. Sheer Strength*
**CLASS ACTION COMPLAINT**

35. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

36. **Numerosity**.  The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff are informed and believe that the Product is sold online throughout the country, as well as numerous other 3rd party retailer sites, with product with hundreds of customer reviews, and on that basis, Plaintiff alleges that the putative Class consists of hundreds, if not thousands of members.

37. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

    a.    Whether the Product as manufactured Hordenine HCl and N-Methyltyramine HCl, or any of its other known aliases;

    b.    Whether the Product were actually advertised as being a "Supplement" that is for human consumption, when in fact they are not a "Supplement";

    c.    Whether the Product were safe for human consumption given their ingredients;

    d.    Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

    e.    Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq.*;

f.  Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

g.  Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

h.  Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

i.  Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website;

j.  Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiff and members of the Class;

k.  Whether the Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

l.  Whether the Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

38. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class in that the Plaintiff are members of the Class that the Plaintiff seek to represent. Similar to members of the putative Class, Plaintiff purchased the Product from Defendant after exposure to the same material misrepresentations appearing on the Product's labels. Plaintiff also received a Product that is not a dietary supplement and contained unapproved ingredients. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class. Defendant has no defenses unique to the Plaintiffs.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

39. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

40. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

Case #                    9 of 18                    *Boyer v. Sheer Strength*
**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

41. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

42. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

## FIRST CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
## BUS. & PROF. CODE §§ 17200, *ET SEQ.*

43. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

45. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

46. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

## A. "UNLAWFUL" PRONG

47. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*, as well as other Federal regulations.

48. Defendant further violated California's Health & Safety Code § 110660, which states that "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is a part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875 (the "Sherman law").

49. Claims under state law based on the deceptive labeling of a food product is expressly permitted when the statute to be enforced imposes legal obligations identical to that of the Federal Food, Drug, and Cosmetic Act ("FDCA"), including FDA regulations concerning naming and labeling food Product. *See e.g., In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff's claim that Defendant violated the FAL by labeling its Product in a false or misleading way imposes legal obligations identical to 21 U.S.C. § 343(a) of the FDCA, which states that, "a food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FDCA is not subject to the express preemption provision set forth in 21 U.S.C. § 343-1 of the FDCA.

50. Defendant violated the above-referenced statutes by falsely representing that its Product was a dietary supplement containing consumable ingredients, when in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1    fact the product contained ingredients that were not approved by the FDA to be

2    in dietary supplements.

3  51.  By advertising, promoting, manufacturing, and selling its Product in violation

4    of those California laws, Defendant engaged in a pattern of "unlawful" business

5    practices within the meaning of California's UCL.

6                       **B. "UNFAIR" PRONG**

7  52.  Beginning at a date currently unknown and continuing to the time of the filing

8    of this Complaint, Defendant has committed acts of unfair competition as

9    prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

10  53.  Had Plaintiff and the putative class members been informed that Defendant's

11    Product did not in fact contain ingredients suitable for human consumption, they

12    would not have purchased the Product or would have purchased a different

13    product. In other words, Defendant earned the business of Plaintiff and the

14    putative Class members by using deceptive advertising, which placed

15    competitors at a disadvantage. Furthermore, Plaintiff and the putative Class

16    members were harmed in that they paid a price premium for the Product.

17                    **C. "FRAUDULENT" PRONG**

18  54.  Beginning at a date currently unknown and continuing to the time of the filing

19    of this Complaint, Defendant engaged in acts of unfair competition, including

20    those described above and herein, in violation of Bus. & Prof. Code §§ 17200,

21    *et seq.*, by engaging in a pattern of "fraudulent" business practices within the

22    meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely advertising its

23    Product as containing, ingredients approved by the FDA, when, in fact, the

24    Product does not contain such ingredients, but instead unproved ingredients that

25    cannot lawfully be in a dietary supplement.

26  55.  Plaintiff reserve the right to allege further conduct that constitutes other

27    fraudulent business acts or practices.  Such conduct is ongoing and continues to

28    this date.

Case #                           **12 of 18**                    *Boyer v. Sheer Strength*
                          **CLASS ACTION COMPLAINT**

## D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

56. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led to believe that Defendant's Product contained ingredients approved by the FDA, when, in fact, the Product does not contain such ingredients, but instead unproved ingredients that cannot lawfully be in a dietary supplement.

57. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Product, as containing ingredients safe to consume consistent with a dietary supplement.

58. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

59. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Product's label and Amazon.com and other 3rd party retailers.

60. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserve the right to identify additional violations by Defendant as may be established through discovery.

61. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seek the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### CAL. CIV. CODE §§ 1750, *ET SEQ.*

62. Plaintiff re-allege and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. California Civil Code Section 1750, *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

64. Defendant's Product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

65. Plaintiff and the putative Class members are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

66. Plaintiff and each of the putative Class members' purchase of Defendant's Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

67. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;
>
> (5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

   (7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another; [and]

   (9) [a]dvertising goods or services with intent not to sell them as advertised."

68. Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing its Product was a dietary supplement containing consumable ingredients, when, in fact, the Product contained food additives not making it a dietary supplement or consumable.

69. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit. Plaintiff further allege that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

70. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's actual Product's label.

### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### BUS. & PROF. CODE §§ 17500, *ET SEQ*.

71. Plaintiff re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

73. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

74. Defendant states that its Product are dietary supplements containing consumable ingredients, when, in fact, the Product contained food additives making it not a dietary supplement or consumable.

75. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

76. At all times relevant, Defendant's advertising and promotion of its Product were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members by representing that its Product were dietary supplements containing consumable ingredients. When, in reality, Defendant knew that its Product contained ingredients that the FDA has not approved to be lawfully included in dietary supplements.

77. Defendant engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Product, which Defendant knew, or had reason to know, was not suitable for human consumption and could not be considered a dietary supplement.

78. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

79. Had Defendant truthfully advertised that its Product that its Product contained ingredients that were not approved to be included in a dietary supplement, Plaintiff and the putative Class members would not have purchased the Product or would have purchased a different product from another manufacturer.

80. This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

81. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;

- that Plaintiff be appointed as the Class Representatives;

- that Plaintiff's attorneys be appointed as Class Counsel;

- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

- Pre-judgment interests from the date of filing of this suit;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Case #                    17 of 18                    *Boyer v. Sheer Strength*

**CLASS ACTION COMPLAINT**

- that Plaintiff and each member of the putative Class recover their costs of suit.

## CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

## TRIAL BY JURY

82. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: March 20, 2020                    Respectfully submitted,

                                         **KAZEROUNI LAW GROUP, APC**


                                         By:  _s/ Abbas Kazerounian____
                                              ABBAS KAZEROUNIAN, ESQ.
                                              NICHOLAS BARTHEL, ESQ.
                                              *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Case #                    **18 of 18**                    *Boyer v. Sheer Strength*
                      **CLASS ACTION COMPLAINT**